IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:09-cr-00511 EJD |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| LILLIAN TRAN, | [Docket Item No. 195] |
| Defendant(s). | |

Presently before the court is Defendant Lillian Tran's ("Defendant") Motion pursuant to 28 U.S.C. § 2255 challenging the conviction and sentence imposed by this court within the criminal matter captioned above. See Docket Item No. 154. Having reviewed Defendant's Motion in conjunction with the court's docket, the court will issue an order to show cause for the reasons explained below.

**I. BACKGROUND**

On December 20, 2010, Defendant plead guilty pursuant to a written plea agreement of one count of Use of a Communication Facility to Facilitate the Commission of a Drug Trafficking Crime, to wit, Conspiracy to Distribute Methylenediozymethamphetamine, in violation do 21 U.S.C. § 843(b). See Docket Item Nos. 123, 124. Defendant was thereafter sentenced to a prison term of 36 months a one-year term of supervised release. See Docket Item No. 141. Judgment was entered accordingly on May 16, 2011. See Docket Item No. 142.

Defendant did not appeal the sentence. She filed the instant Motion on August 1, 2012.

1

CASE NO. 5:09-cr-00511 EJD
ORDER TO SHOW CAUSE

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence by demonstrating (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. That section also provides:

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of § 2255(f)(1), a judgment becomes "final" when the period within which to file an appeal expires. See United States v. Schwartz, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001). As noted above, judgment was entered in this action on May 16, 2011. Pursuant to Federal Rule of Appellate Procedure 4(b), Defendant had fourteen days from that date within which to file an appeal. She did not do so. Accordingly, the judgment became final on May 30, 2011, and a timely motion under § 2255 should have been filed no later than May 30, 2012. Defendant did not file this motion until August 1, 2012 - two months later. It is therefore untimely on its face.

2
CASE NO. 5:09-cr-00511 EJD
ORDER TO SHOW CAUSE

In light of the discussion above, it appears that Defendant's Motion should be summarily denied pursuant to § 2255(b). The court therefore issues the following show cause order as the court has raised this issue sua sponte. See Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

### III. ORDER

The court hereby issues an order to show cause why this Motion should not be summarily denied as untimely under subsections (b) and (f) of 28 U.S.C. § 2255.

If Defendant does not, by **November 9, 2012**, demonstrate good cause in writing why the Motion should not be summarily denied, the Court will issue a final order denying the Motion. No hearing will be held on the order to show cause unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: October 9, 2012



EDWARD J. DAVILA
United States District Judge